IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS MCKEE,

                                        ORDER

            Plaintiff,

                                     18-cv-595-bbc

    v.

S. WIERENGA, Y. PUSICH, ASHWORTH,
K. TRITT, DEBLANC, A. MOUNGEY, CO DEMERS,
NURSE ANDERSON, NURSE JEN KASON,
SGT. BIKOWSKI and CO KESKE,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Trevor Brown and the law firm of Dorsey & Whitney, LLP., have agreed to represent plaintiff, with the understanding that they will serve with no guarantee of compensation for their services. It is this court's intention that the scope of representation extends to proceedings in this court only. "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a Notice of Appeal, if appropriate, and ensuring that all steps are taken to transfer the record to the Court of Appeals for the Seventh Circuit.

      Now that plaintiff is to be represented by counsel, there are certain things he should understand. First, the scope of representation is limited to the litigation of plaintiff's current claims. Second, plaintiff should understand that because he is now represented in this case, he may no longer communicate directly with the court. Third, he must work directly with counsel and permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Fourth, plaintiff does not

1

have the right to require counsel to raise frivolous arguments or to follow every directive he makes. He should be prepared to accept the strategic decisions made by counsel even if he disagrees with some of them. If plaintiff decides at some point not to work with counsel, he is free to end the representation, but he should be aware that it is unlikely that the court will work to recruit another set lawyer to represent him.

Additionally, the parties should know that if they believe that mediation could help resolve their disputes, they may contact the clerk of court, Peter Oppeneer, for assistance.

ORDER

IT IS ORDERED that the clerk of court is directed to set a telephone conference before Magistrate Judge Stephen Crocker to set the schedule for the remainder of the proceedings in this lawsuit.

Entered this 10th day of February, 2020.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge